IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

| | |
|---|---|
| Paul R. Marcus, et al. ) <br>     Plaintiffs/Counter-Defendants, ) <br> ) <br> vs. ) <br> ) <br> Efrain Galvez, ) <br> Nancy Martin ) <br> ) <br>     Defendants/Counter- Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> Home Equity Mortgage, et al. ) <br> ) <br>     Plaintiff/Third-party Counter-defendant. ) | FILED by RAL D.C. <br> APR 1 3 2012 <br> STEVEN M. LARIMORE <br> CLERK U.S. DIST. CT. <br> S. D. of FLA. – MIAMI <br><br> **12-CV-21402-LENARD/O'SULLIVAN** |

## NOTICE OF REMOVAL

      COMES NOW, the Defendants/Counter-Plaintiffs, Efrain Galvez and Nancy Martin prose removes this action from Clerk in Circuit Court of the Eleventh Judicial Circuit and for Miami-Dade County, to Florida for the Southern District of Florida, Miami Division. The grounds for removal are as follows:

    1.    Pursuant to Title 28 U.S.C. § 1446(d), written notice of this removal will be provided to all adverse parties, and a copy of this notice of removal will be filed with the Clerk in Circuit Court of the Eleventh Judicial Circuit and for Miami-Dade County, Florida, Case No. 2007-31287-CA-01 filed in September 09, 2007(See Exhibit A), in a civil action originally filed by Home Equity Mortgage Corp. as Plaintiff/ Third-Party Counter Defendant and Case No. 2009-69443-CA-



03 was filed in September 21, 2009 (See Exhibit B), in a civil action originally filed by Paul R. Marcus, et al. Plaintiffs and Counter Defendant.

2. The filing Notice of removal is timely, pursuant to Title 28 U.S.C. § 1446(b).

3. Efrain Galvez and Nancy Martin determine to file Notice of Removal because in both cases mentioned have the same subject property, involve the same people and in both cases having had serious violations of the Defendants/Counter Plaintiff Civil Rights, and removed to this Court properly pursuant to Title 28 U.S.C. Chapter 89 § 1443. The Circuit Court of the Eleventh Judicial Circuit of Miami-Dade lack jurisdiction due the violation of the Civil Rights. *A court "cannot confer jurisdiction where none existed and cannot make a void proceeding valid." Gowdy v Baltimore and Ohio R.R. Company.: 385 Ill. 86, 92, 52 N.E. 2d 255 (1943)*. See *Johnson v. Zerbst, 304 U.S., 458, 468. " If the Bill of Rights is not complied with, the court no longer has jurisdiction to proceed. The judgment... pronounced by a court without jurisdiction is void...".*

4. Efrain Galvez and Nancy Martin brings this action pursuant to *18 § 241 (Conspiracy against rights), 18 § 242 (Deprivation of rights under color of law), 42 § 1981 (Equal rights under the law), 42 § 1982. (Property rights of citizens), 42 USC § 1983 (Civil Action For Deprivation Of Rights), 42 § 1985*

*(Conspiracy to interfere with civil rights), 42 § 1986 (Action for neglect to prevent), 42 § 1987 (Prosecution of violation of certain laws), 42 § 1988 (Proceedings in vindication of civil rights), 42 § 1989 (United States magistrate judges; appointment of persons to execute warrants), 42 § 5532 (c) (Fraudulent concealment.), 28 USC § 1443 - Civil Rights Cases, 18 USC § 1521 - Retaliating Against A Federal Judge Or Federal Law Enforcement Officer By False Claim Or Slander Of Title, , Title 18 USC § 2 Principals, Title 18 USC § 4 - Misprision of felony, Title 18 USC § 6 Department and agency defined, Florida Statutes Title XLIV Chapter 760/ 760.021 - Discrimination In The Treatment Of Persons; Minority Representation Civil and INVOKES the jurisdiction of this Court pursuant to Amendment IV, Amendment V, Amendment VI, Amendment XIII and Amendment XIV.* At all times relevant to this case, and all the causes of action were committed within the Geographical Jurisdiction of this Court. See Appendix in the Cross-Claim.

**WHEREFORE,** Efrain Galvez and Nancy Martin, Defendants/counter Plaintiff, hereby removes the two above-captioned Civil Action Now Pending in the Circuit Court of the Eleventh Judicial In and For Miami-Dade County, Florida to This Court.

By: _____
Efrain Galvez

By: _____
Nancy Martin

Efrain Galvez and Nancy Martin
300 S.W. 125 AVE
Miami, Florida 33184
Telephone: (305)434-6487
Facsimile: (305)675-2699

Page 4 of 5

## CERTIFICATE OF SERVICE

I certify that service of the Notice of Removal will be made upon the following by depositing a copy in the United States mail, this 13 day of April, 2012.

Paul R. Marcus
Florida Bar No. 112180
9990 S.W. 77th Avenue, Ph-1
Miami, Florida 33156
Tel. 305-596-2345
Fax. 305-274-0220

Michael I. Goldberg
Receiver for Home Equity Mortgage Corporation
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, FL 33301-2229
1-(800)-223-2234

By: _____
Efrain Galvez

By: _____
Nancy Martin

Efrain Galvez and Nancy Martin
300 S.W. 125 AVE
Miami, Florida 33184
Telephone: (305)434-6487
Facsimile: (305)675-2699

EXHIBIT B 5 PAGES

A-89

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 09-69443 CA 03

Paul R. Marcus and Roberta L. Marcus, his wife, Ameriport Ltd, Sandra L. Edison, Gil Martinez and Suzanne Martinez, his wife, Kevin Shaffel and Mona Shaffel, his wife, Return On Media, Inc., Henry Yunes and Marci Yunes, his wife, Samuel Barrocas and Teresa Carrillo, his wife,

    Plaintiffs,

vs.

Efrain Galves and Nancy Martin, his wife, Home Equity Mortgage Corp., a Florida Corporation, Alan S. Kaufman and Judith L. Kaufman, his wife, Sydney Silverman Trust, Robert L. Lewison Trustee, David Horowitz and Vida P. Horowitz, his wife, Samuel Barrocas, Pascual Moreno Trustee of the Pascual Moreno Revocable Trust, Consuelo Moreno Trustee of the Consuelo Moreno Revocable Trust, Mario Echagarrua and Marta Echagarrua, his wife, Raquel Perl, Flor Perl, Dany Perl, Jonathan Perl,

    Defendants.
_____/

**COMPLAINT**

Plaintiffs, Paul R. Marcus and Roberta L. Marcus, his wife, Ameriport Ltd, Sandra L. Edison, Gil Martinez and Suzanne Martinez, his wife, Kevin Shaffel and Mona Shaffel, his wife, Return On Media, Inc., Henry Yunes and Marci Yunes, his wife, Samuel Barrocas and Teresa Carrillo, his wife, sues Defendants named in the caption hereof and alleges:

## COUNT I
## FORECLOSURE OF MORTGAGE

1.     This is an action to foreclose a mortgage on real property in Miami-Dade County, Florida.

2. Defendants:

   (a) Efrain Galves and Nancy Martin, his wife, hereinafter collectively referred to as Galves, are residents of Miami-Dade County, Florida.

   (b) Home Equity Mortgage Corporation is a Florida corporation in receivership. Michael Goldberg, Esq. is the court-appointed receiver.

   (c) Alan S. Kaufman and Judith L. Kaufman, his wife, collectively referred to as Kaufman, and are residents of Florida.

   (d) Robert Lewison Trustee for Sydney Silverman Trust, collectively referred as the Silverman Trust.

   (e) David Horowitz and Vida P. Horowitz, his wife, collectively referred to as Horowitz.

   (f) Samuel Barrocas, hereinafter referred to as Barrocas. Samuel Barrocas is a different person than the Plaintiff Samuel Barrocas, the Defendant Samuel Barrocas being an uncle of the Plaintiff Samuel Barrocas.

   (g) Pascual Moreno Trustee of the Pascual Moreno Revocable Trust, collectively referred to as Pascual Moreno Trust.

   (h) Consuelo Moreno Trustee of the Consuelo Moreno Revocable Trust, collectively referred to as Consuelo Moreno Trust.

   (I) Mario Echagarrua and Marta Echagarrua, his wife, collectively referred to as Echagarrua.

   (j) Raquel Perl, Flor Perl, Dany Perl, and Jonathan Perl hold a life estate interest of Auva T. Mizrahi and are collectively referred to as Perl.

3. On June 2, 2005, Efrain Galves and Nancy Martin, his wife, executed a Promissory Note and corresponding Mortgage, hereinafter referred to as the Note and Mortgage, in favor of Home Equity Mortgage Corporation, with same being recorded on June 6, 2005 in Official Records Book 23445 at Page 2810 of the Public Records of Miami-Dade County, Florida. A copy of the Note and Mortgage is attached hereto and made a part hereof and labeled Composite **Exhibit A**.

4. The Mortgage encumbers that certain real property located at 20605 S.W. 184th Street, Miami, Florida 33187, legally described on an Exhibit to the Mortgage, and legally described on **Exhibit B** hereto.

5. Plaintiffs are the owners and holders of the subject First Mortgage.

6. The Mortgage of the Plaintiffs constitutes a lien superior in dignity to any prior or subsequent right, title, claim, lien, or interest arising out of mortgagor or the mortgagor's predecessors or the mortgagor's successors in interest and any liens perfected pursuant to Section 159.17, Florida Statutes, for water, or Section 170.09, Florida Statutes, for special assessments are not subject to this foreclosure action and shall not be foreclosed by the entry of a Judgment for Plaintiffs.

7. Home Equity Mortgage Corporation assigned the Note and Mortgages to the Plaintiffs (VanGuard Capital Partners, Inc.'s interest was assigned by them to Return on Media, Inc.), said Assignments being attached hereto and made a part hereof and labeled Composite **Exhibit C** as follows:

| Assignee | Date Assigned | Amt Invested | Percentage Interest |
|---|---|---|---|
| Ameriport, Ltd. | 6/2/05 | $350,000.00 | 43.75% |
| Barrocas | 6/2/05 | 40,000.00 | 5% |
| Schaffel | 6/2/05 | 50,000.00 | 6.25% |
| Edison | 6/2/05 | 50,000.00 | 6.25% |
| Marcus | 6/2/05 | 65,000.00 | 8.125% |
| Martinez | 6/2/05 | 120,000.00 | 15% |
| Yunes | 6/2/05 | 25,000.00 | 3.125% |
| Return on Media | 6/2/05 | 100,000.00 | 12.5% |

8. There has been a default under the covenants, terms and conditions under the Note and Mortgage in that payments due for 2006 and all subsequent payments have not been made.

9. All conditions precedent to acceleration to this Mortgage Note and to the foreclosure of the mortgage have been fulfilled and/or occurred.

10. Record legal title to the mortgaged property is vested in the Defendants.

11. It is believed that Defendants, Efrain Galves and Nancy Martin, his wife, are in possession of the property.

12. Plaintiffs declare the full amount payable under the Note and Mortgage to be due.

13. Defendants owe Plaintiffs principal of $800,000.00 and default interest at the maximum legal rate allowable by law from approximately January 2006 through August 31, 2009 is $432,096.00, plus $394.5698 per diem thereafter, plus escrow for taxes and fire, windstorm, hazard, liability and flood insurance expended to date and hereafter due and owing, plus title

search expense for ascertaining the necessary parties to this action, plus attorney's fees and costs.

14. In addition to defaulting by failure to pay principal and interest, Defendants defaulted by failure to pay the real estate taxes on the property as follows:

    Taxes for the years 2006 and 2007:   $41,599.23
    Taxes for the year 2008:             $17,473.69

    and for failure to pay an escrow for taxes for 2009 and pay same and all taxes owed thereafter.

15. Defendants are required by the Note and Mortgage to maintain liability insurance on the property which is security for the loan which is the subject matter of this cause. Defendants are in default of the Note and Mortgage for failure to maintain liability insurance on the property and to name all the Plaintiffs as loss payees under same.

16. In addition to the aforementioned Note and Mortgage to Home Equity Mortgage Corp. that was assigned to the Plaintiffs, Efrain Galves and Nancy Martin, his wife, executed a 2nd Mortgage in favor of the Defendants, hereinafter also referred to as the 2nd mortgagees, on February 4, 2006, recorded on May 10, 2006 in Official Records Book 24510 on Page 0066 of the Public Records of Miami-Dade County, Florida, **Exhibit D** hereto.

17. The 2nd mortgagees filed a foreclosure action against Galves in Case No. 07-31287 Sec. 09, which resulted in the 2nd mortgagees obtaining title to the property pursuant to that certain Certificate of Title dated January 15, 2008, **Exhibit E** hereto.

18. The 2nd mortgagees, now owners of the property, are in default in that they have made no payments on the Note nor real estate taxes since becoming owners in January 2008.

19. Any interest in the subject property inuring to Defendants is subordinate and inferior to the lien of the mortgage being foreclosed herein.

20. Plaintiffs have obligated themselves to pay the undersigned attorney a reasonable fee for his services herein. Both the Note and Mortgage provide for an award of attorney's fees incurred by Plaintiffs for enforcement thereof in the event of a default by the borrower.

WHEREFORE, Plaintiffs demand:

A. That the Court determine the sums due Plaintiffs under said Note and Mortgage and, if the same are not paid within the time set by this Court, that

said property be sold to satisfy Plaintiffs' claim and that Defendants receive a Judgment for any shortfall.

B. That the right, title, interest and estate of the Defendants and all persons claiming by, through or under the Defendants since the filing of the Lis Pendens herein be foreclosed.

C. That the Court award Plaintiffs its reasonable attorney's fees and costs as set forth in Plaintiffs' Note and Mortgage.

D. That the Court grant such other and further relief as appears just and equitable under the circumstances, and, if the proceeds of sale are insufficient to satisfy Plaintiffs' claim, that the Court retain jurisdiction to enter a deficiency judgment, if appropriate, upon application to the Court, against only those Defendants who executed or assumed the Note and whose debt has not been discharged in bankruptcy.

Dated at Miami-Dade County, Florida on this ____ day of September, 2009.

_____
PAUL R. MARCUS
Florida Bar No. 112180
9990 S.W. 77th Avenue, Ph-1
Miami, Florida 33156
Tel:   305-596-2345
Fax:  305-274-0220