EXHIBIT A 4 PAGES

| | |
|---|---|
| HOME EQUITY MORTGAGE CORP. A Florida Corporation, ALAN S. KAUFMAN and JUDITH L. KAUFMAN, His wife, SYDNEY SILVERMAN, TRUST, ROBERT L. LEWISON, TRUSTEE, AUVA T. MIZRAHI, DAVID HOROWITZ, And VIDA P. HOROWITZ, his wife, SAMUEL BARROCAS, PASCUAL MORENO, TRUSTEE OF THE PASCUAL MORENO REVOCABLE TRUST, CONSUELO MORENO, TRUSTEE OF THE CONSUELO MORENO REVOCABLE TRUST, MARIO ECHAGARRUA and MARTA ECHAGARRUA, His wife, | IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA  07-31287 CA 09  Case No. _____ |
| Plaintiffs, | CIVIL DIVISION |
| -vs- EFRAIN GALVEZ, and NANCY MARTIN, His wife and any and all unknown Parties claiming by through, under, and Against the herein named individual Defendants who are not known to be Dead Or alive, whether said unknown parties may Claim an interest as spouses, heirs, devisees, Grantees, or other claimants; John Doe and Jane Doe as Parties in possession | FLORIDA BAR NUMBER 599824 |
| Defendants. _____/ | **COMPLAINT FOR FORECLOSURE OF MORTGAGE** |

Plaintiffs, HOME EQUITY MORTAGE CORP. a Florida Corporation, ALAN S. KAUFMAN and JUDITH L. KAUFMAN, His wife, SYDNEY SILVERMAN, TRUST, ROBERT L. LEWISON, TRUSTEE, AUVA T. MIZRAHI, DAVID HOROWITZ And VIDA P. HOROWITZ, his wife, SAMUEL BARROCAS, PASCUAL MORENO, TRUSTEE OF THE PASCUAL MORENO REVOCABLE TRUST, CONSUELO MORENO, TRUSTEE OF THE CONSUELO MORENO REVOCABLE TRUST, MARIO ECHAGARRUA and MARTA ECHAGARRUA, His wife, hereby sue the Defendants EFRAIN GALVEZ and NANCY MARTIN, his wife and all others claiming by through or under them and states in support thereof:

1. The Court has jurisdiction over the subject matter.

ATTACHMENT / EXHIBIT _____

2. This is an action to foreclose a Mortgage on real property in Miami Dade County, Florida.

Florida more particularly described as:

> A portion of the West ½ of the Southwest ¼ of Section 34, Township 55 South, Range 38 East, lying Southeasterly of the Right of Way for Levee 31 North, being more particularly described as follows:
>
> Begin at the Southwest Corner of the said Southwest ¼ of Section 34, thence North 2 degrees 1 minute 25 seconds West, along the West line of the said Southwest ¼ for a distance of 643.61 feet; thence North 48 degrees 0 minutes 1 second East, along the Southeasterly Right-of-Way Line of said LEVEE 31 North, (as shown on that certain Right-of-Way Map, prepared by Central and Sothern Florida Flood Control District, Drawing Number L-31N-1, Sheets 1 and 2 of 6 Sheets, last revised March 24, 1977), for 908.42 feet; thence South 2 degrees 1 minute 25 seconds East, along a line parallel with and 696.14 feet East of as measured at right angles to, the said West line of the said Southwest ¼, for 1246.87 feet; thence South 89 degrees 35 minutes 31 seconds West, along the South line of the said Southwest ¼ for 696.41 feet to the Point of Beginning and lying and being in Miami Dade County, Florida.

3. On May 4, 2006 the Defendant EFRAIN GALVEZ and NANCY MARTIN executed and delivered a Promissory Note and a Mortgage securing the payment of the Note to the Payee named thereon. This original promissory was secured by a mortgage in the amount of $650,000.

4. The Mortgage was recorded in Official Records Book 24510 page 0066 of the Public Records of Miami Dade County, Florida. A copy of the Note and Mortgage are attached as Plaintiff's Exhibit "A".

5. The Plaintiffs are the owners and holders of the note and mortgage.

6. Said Mortgage as modified is a second mortgage on the premises.

7. There is a default under the terms of the note and mortgage for the payment due April 1, 2007 and all payments thereafter.

8. The Plaintiff declares the full amount payable under the Notes and the Mortgage to be due.

9. All conditions precedent to the acceleration of the Note and to the foreclosure of the mortgage have been fulfilled or have been waived.

10. The borrowers have the right to dispute the validity of the debt pursuant to the Fair Debt Collection Practices Act. Notification of this right is attached to this Complaint as "Notice required by the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692g as amended."

11. The Borrower owes the Plaintiffs as of the dated of the filing of this complaint the following amounts: Principal Balance $573,737.00; interest through August 31, 2007 $43,289.64; Late Charges of $3006.20; Servicing fees 25.00; Administrative Foreclosure Fee, $500.00; Suspense Shortage $450.94 Maturity Notice $150.00; Title Search $225.00; Title Exam $250.00; Filing Fee $256.00 and attorney's fees of $800.00 for a total of $ 622,689.78. In addition, this is a foreclosure of a second mortgage and the Plaintiff may have to make advances under the first mortgage and will incur additional costs for service of process and other charges for which the Defendants will be responsible.

12. Plaintiff is responsible for paying the Plaintiff's attorney a reasonable fee for its services.

13. Pursuant to the terms of the Note and the Mortgage the Defendants are responsible for the Plaintiff's Attorneys Fees.

14. JOHN DOE and JANE DOE, may claim an interest in the property described in the Mortgage as tenants pursuant to a lease agreement, either written or oral. Said interest is subject, subordinate and inferior to the lien of the Mortgage held by the Plaintiff.

15. In addition to all other named defendants, the unknown spouses, heirs, devisees, grantees, assignees, creditors, trustees, successors in interest or other parties claiming an interest in the subject property by through under or against any of said defendants, whether natural or corporate, who are not known to be alive or dead, dissolved or existing, are joined as defendants herein. The claims of said parties are subject, subordinate, and inferior to the interest of the Plaintiff.

WHEREFORE, Plaintiff prays: 1) That an accounting may be had and taken under the directions of this Court of what is due the Plaintiff for principal and interest on said Mortgage and Mortgage Note, and for the costs, charges and expenses, including attorney's fees and title search costs, and

Within 20 days after the service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the complaint or petition.

SEP 2 5 2007.

WITNESS my hand and seal of said Court, this _____ day of _____ 2007.
(COURT SEAL)

CLERK OF THE COUNTY COURT
As clerk of said court

BY:_____ N MOORE
As Deputy Clerk